IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELLIE D. REDMON<br>3554 Karoly Place<br>Woodbridge, VA 22193,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES CAPITOL POLICE<br>119 D Street, N.E.<br>Washington, DC 20510,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

　　　　　　　　　　　　Civ. Action No.

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1.　Plaintiff Shellie D. Redmon, by and through undersigned counsel, hereby files this action against Defendant United States Capitol Police (USCP or "Agency"), pursuant to the Congressional Accountability Act, 2 U.S.C. § 1301 *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, for harms caused to Plaintiff by Defendant's unlawful denial of reasonable accommodation, disability discrimination, race discrimination, sex discrimination, and age discrimination. Plaintiff requests declaratory and injunctive relief; reasonable

1

accommodation; payment for leave taken and/or leave restoration; compensatory damages; attorney fees, costs, and expenses; and such other relief as the Court deems just and appropriate, in order to fully remedy Defendant's unlawful acts.

### Jurisdiction and Venue

2. This Court has jurisdiction over this Complaint because questions of federal law are presented, pursuant to the Congressional Accountability Act, 2 U.S.C. § 1408; the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.

3. This Court is the proper venue pursuant to 2 U.S.C. § 1408; 29 U.S.C. § 701 *et seq.*; 42 U.S.C. § 12101 *et seq.*; and 42 U.S.C. § 2000e.

### Parties

4. Plaintiff Ms. Shellie D. Redmon is a civilian Intelligence Research Specialist employed by Defendant United States Capitol Police. Ms. Redmon is disabled, African American, and over the age of 40 (d.o.b. August 20, 1964). Ms. Redmon has experienced discrimination during her long-time employment with the U.S. Capitol Police. She has filed timely requests for counseling and mediation and received an end of mediation notice from the Congress's Office of Compliance.

5. The Defendant is the United States Capitol Police, 119 D Street, N.E.,

Washington, DC 20510, and is Ms. Redmon's employer.

## Facts

6. Ms. Redmon has been employed by Defendant as an Intelligence Research Specialist for the past nine years, and before that, she was employed as an administrative assistant there for two years. She possesses a Top Secret/Sensitive Compartmented Information (TS/SCI) Clearance, and she consistently receives high performance ratings. Her Intelligence Research Specialist position is located within the Protective Services Bureau (PSB), Division of Intelligence and Information Analysis (DIIA).

7. Before joining the U.S. Capitol Police, Ms. Redmon was employed at the U.S. Military Academy at West Point, NY for one year (2001–2002). Previously, she worked as a sworn police officer for the Fayetteville (North Carolina) Police Department for almost two years (1986–1988) and as a sheriff's deputy for the Cumberland County Sheriff's Department for eleven years (1988–1999). She was also Director of the Pre-trial Program for Cumberland County for two years (1999–2001).

8. Ms. Redmon suffers from sarcoidosis, a medical condition which, when it flares up, causes her severe lower leg pain and swelling of her feet. Sarcoidosis also affects Ms. Redmon's eyes, nose, and musculoskeletal system. Ms. Redmon had sarcoidosis when she was first employed by Defendant in 2002.

9. Due to her medical condition, Ms. Redmon has on a number of occasions requested the opportunity to telework for the times when she has sarcoidosis flare ups. Ms. Redmon has wished to telework on an intermittent basis when she had the sarcoidosis flare ups.

10. Through June 2013, Defendant has consistently denied Ms. Redmon the opportunity to telework.

11. In August-September 2012, Ms. Redmon submitted a written request to telework to Norman Grahe, her supervisor. Mr. Grahe neither approved nor denied this request to telework. Next up the chain of command, Deputy Chief Donald Rouiller, the Protective Services Bureau Commander (and Mr. Grahe's superior), denied Ms. Redmon's telework request on September 20, 2012, citing her position description as the reason for Defendant's denial.

12. Ms. Redmon complained about the September 2012 telework denial to Congress's Office of Compliance on September 25, 2012, and eventually the Office of Compliance dismissed the case on May 29, 2013.

13. Ms. Redmon made another request to telework in correspondance addressed to supervisor Norman Grahe on December 20, 2012. This request was based on a doctor's letter dated December 5, 2012, signed by Jess D. Edison, M.D.

14. On January 3, 2013, Deputy Chief Donald Rouiller denied Ms. Redmon's

4

telework request of December 20, 2012.

15. Ms. Redmon's telework request, together with the opportunity for her to telework, was treated differently and less favorably than that of her co-worker Eric Hoar, also a civilian Intelligence Research Specialist (and a former Capitol Police Officer), who is a white male in his early 30's. Mr. Hoar was paralyzed in an off-duty automobile accident in March of 2010.

16. After this accident, Defendant allowed Eric Hoar to telecommute from his home, according to Defendant's monthly journal "1828" (January 2012, p. 27).

17. Eric Hoar was allowed to telework without a required telework agreement and without being required to submit a weekly telework report which states the duties performed by the teleworking employee.

18. Dottie Moats of Defendant's Human Resources office, who handles all USCP telework agreements and weekly reports, has stated to Ms. Redmon's co-worker Kelly Ray that she had never heard of nor had any record of Eric Hoar although he had then supposedly been "working" from home as a police officer.

19. According to departmental records, Eric Hoar became a civilian Intelligence Research Specialist assigned to the Division of Intelligence and Information Analysis (DIIA), Ms. Redmon's office, on July 29, 2012.

20. During this time frame, Sergeant Jason Bell advised that Eric Hoar was no

longer an LEO (Law Enforcement Officer) but a civilian assigned to Ms. Redmon's office. Sgt. Bell sent an email to this effect to Agent Deborah Lippay.

21. On September 22, 2012, Eric Hoar himself indicated he was a civilian Intelligence Research Specialist assigned to Ms. Redmon's office. Mr. Hoar did so in an email to office colleagues, including Agent Deborah Lippay.

22. Mr. Hoar's position description is the same as Ms. Redmon's. They both hold civilian Intelligence Research Specialist positions.

23. As of September 25, 2012, Ms. Redmon had taken sick leave, annual leave, and compensatory time for her medical appointments and vacation. She was always required to fill out a leave slip when taking any type of leave.

24. In contrast, as of September 25, 2012, Eric Hoar, although paralyzed and not present at the office, had not taken annual leave, sick leave, or compensatory time for the previous 13 months and possibly longer. Since being assigned to Ms. Redmon's office on July 29, 2012, Mr. Hoar had not reported for duty nor taken any type of leave to excuse his absence from work (however, he did take two weeks of military leave as a reservist). As of September 25, 2012, Mr. Hoar still did not have a telework agreement in place that would authorize him to work from home. At that time, instructions had been given to the administrative staffperson handling time and attendance for the Protective Services Bureau to give Mr. Hoar standing hours of 0900 to 1700 (*i.e.*, an 8

hour work day).

25. Ms. Redmon has been required to take leave and thereby lose pay and leave benefits because of the unequal, discriminatory denial of the opportunity to telework. Specifically, she has been required to take sick leave and annual leave and to use her compensatory time when she could be teleworking from home during a sarcoidosis flare up. She estimates that she has had to use 675.5 hours of such leave, of which close to 200 hours were for sarcoidosis flare ups. In contrast, during the approximately three years when he was not present in the office, Eric Hoar was not required to take sick leave or annual leave or use compensatory time (if he had any).

26. Ms. Redmon has suffered pain and suffering, mental anguish, stress, and loss of enjoyment of life because of the discrimination to which she was subjected, to wit, the unequal, discriminatory denial of the opportunity to telework and the corresponding leave decisions.

27. To challenge this discrimination, Ms. Redmon filed a request for counseling with the Office of Compliance on February 7, 2013. In her request for counseling, Ms. Redmon sought reasonable accommodation for her physical disability and complained about discrimination based upon her disability, race/color, sex, and age.

28. Ms. Redmon received an end of counseling notice from the Office of

Compliance on March 8, 2013, and she timely requested mediation at the Office of Compliance on March 15, 2013.

29. Ms. Redmon received an end of mediation notice (dated May 31, 2013) on June 5, 2013, from the Office of Compliance; and she timely files this Complaint for Employment Discrimination in this Court on August 30, 2013, within 90 days of June 5, 2012.

30. In another example of unequal, discriminatory treatment, Ms. Redmon had asked supervisor Norman Grahe if she could attend the full-time collegiate intelligence program at the Defense Intelligence Agency to finish earning her undergraduate degree. Ms. Redmon was told that she would not be paid a salary to go to school. Eric Hoar, while supposedly working from home, was pursuing a Master's degree in the intelligence program at UMUC. Mr. Hoar himself reported this information to one of Ms. Redmon's co-workers. Defendant has never offered Ms. Redmon the same opportunity to attend school while being paid to work or advised her that such an arrangement was available.

## CAUSES OF ACTION

### Count I
### Denial of Reasonable Accommodation

31. As set forth in the preceding paragraphs, Ms. Redmon has been denied the reasonable accommodation of teleworking in connection with her physical disability

(sarcoidosis). Both Ms. Redmon and co-worker Eric Hoar have physical disabilities. However, Mr. Hoar has been allowed to telework for approximately three years by Defendant; whereas, Ms. Redmon has been denied the opportunity to telework, thereby losing pay and leave benefits.

## Count II
### Discrimination Based On Disability

32. As set forth in the preceding paragraphs, Defendant discriminated against Ms. Redmon on the basis of her disability by denying her request to telework and requiring her to use her leave instead. Ms. Redmon and her similarly situated co-worker Eric Hoar are both physically disabled.

## Count III
### Discrimination Based On Race/Color

33. As set forth in the preceding paragraphs, Defendant discriminated against Ms. Redmon on the basis of her race/color by denying her request to telework and requiring her to use her leave instead. Ms. Redmon is African American, and her similarly situated co-worker Eric Hoar is white.

## Count IV
### Discrimination Based on Sex/Gender

34. As set forth in the preceding paragraphs, Defendant discriminated against Ms. Redmon on the basis of her sex/gender by denying her request to telework and requiring her to use her leave instead. Ms. Redmon is female, and her similarly situated

co-worker Eric Hoar is male.

## Count V
### Discrimination Based on Combination of Race and Sex

35. As set forth in the preceding paragraphs, Defendant discriminated against Ms. Redmon on the basis of her race and sex by denying her request to telework and requiring her to use her leave instead. Ms. Redmon is an African American female, and her similarly situated co-worker Eric Hoar is a white male.

## Count VI
### Discrimination Based on Combination of Race and Sex

36. As set forth in the preceding paragraphs, Defendant discriminated against Ms. Redmon on the basis of her age by denying her request to telework and requiring her to use her leave instead. Ms. Redmon is in her late 40's, and her similarly situated co-worker Eric Hoar is in his early 30's.

### Relief Requested

37. Plaintiff requests any and all relief provided by the Congressional Accountability Act and related anti-discrimination laws, including but not limited to the following:

a. A declaratory judgment that Ms. Redmon should be permitted to telework from home when she has sarcoidosis flare ups but is otherwise capable of performing the duties of her job at home.

    b.    A declaratory judgment that Defendant's denial of telework to Ms. Redmon has been unlawfully discriminatory and in violation of Defendant's own telework policy.

    c.    An injunction mandating that Ms. Redmon should be permitted to telework from home when she has sarcoidosis flare ups but is otherwise capable of performing the duties of her job at home.

    d.    Payment for her sick leave, annual leave, and compensatory time that she has had to use for medical leave and for time off for her sarcoidosis flare ups (approximately 675.5. hours).

    e.    Alternatively, restoration of Ms. Redmon's sick leave, annual leave, and compensatory time that she has had to use for medical leave and for time off for her sarcoidosis flare ups (approximately 675.5 hours).

    f.    Compensatory damages to the maximum extent allowed by law for the pain and suffering, mental anguish, stress, and loss of enjoyment of life that has resulted from Defendant's discrimination, denial of telework, and administration of Plaintiff's leave related to her sarcoidosis.

    g.    Payment of reasonable attorney fees at prevailing market (<u>Laffey</u>) rates, and the costs and expenses of this action as well as the preceding administrative action; and

h. Such other relief as the Court deems just and appropriate.

### Jury Demand

38. Plaintiff requests a trial by jury on all issues triable before a jury.

/s/Joseph D. Gebhardt
JOSEPH D. GEBHARDT
(D.C. Bar No. 113894)
DANIEL K. GEBHARDT
(D.C. Bar No. 975703)
GEBHARDT & ASSOCIATES, LLP
1101 17th Street, N.W.,
Suite 807
Washington, DC 20036-4716
(202) 496-0400

August 30, 2013                        Attorneys for Plaintiff


ASSISTING ON THIS COMPLAINT:
Nina Y. Ren (VA Bar Pending)