## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHELLIE D. REDMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 13-cv-1323 (TSC) |
| | ) |
| UNITED STATES CAPITOL POLICE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION (REDACTED)

Before the court is Plaintiff Shellie Redmon's motion for relief from judgment and for an order granting leave to amend the Complaint. Redmon asks the court to reconsider the judgment entered on February 18, 2015 dismissing her discrimination claims. Because Redmon has not shown sufficient grounds for relief under Rule 60(b)(1), the motion is denied.

### I.     BACKGROUND

The court has previously detailed the facts in this case and need not repeat them here. *See Redmon v. United States Capitol Police*, 2015 WL 682404, at *1-2 (D.D.C. Feb. 18, 2015). Nevertheless, a brief summary of the facts pertinent to the pending motion will be helpful to give context to the court's decision. In August 2013, Redmon filed a complaint against her employer, the United States Capital Police ("USCP"), alleging various forms of discrimination and failure to reasonably accommodate her disability. Redmon alleged that she suffered race, sex, age, and disability discrimination when her two requests to work remotely (also known as teleworking) were denied in September 2012 and January 2013. While Redmon originally challenged both

1

denials, her counsel stipulated at oral argument that she had dropped her challenge to the September 2012 denial, and only challenged actions taken after January 2013.

In her Complaint, Redmon alleged that as a result of both denials, she was forced to use her sick leave, annual leave, and compensatory time on the days when she could not come to work because of her disability.  (Compl. ¶ 25).  She estimated that as of September 25, 2012, she had used 675.5 hours of leave.  (*Id.*).  However, less than 200 hours of this leave time was attributable to her disability.  (*Id.*).  The court, relying on Redmon's allegations, dismissed the discrimination claims for failure to plead an adverse employment action.  Because Redmon only took leave before September 2012, but challenged USCP actions taken after January 2013, the court found that she had not alleged she was forced to take any leave as a result of the January 2013 denial.  As a result, the only possible adverse employment action was the telework denial on its own, which the court found was not a legally cognizable adverse employment action.

Redmon now moves for relief from that judgment and seeks leave to amend the Complaint.  She claims that through inadvertence, mistake or excusable neglect, the court read the Complaint to allege only that she used leave prior to September 2012, whereas in reality she was also forced to use leave in 2013 and 2014 (up to the summer of 2014, when she received a telework agreement from USCP).  Specifically, Redmon now claims that as a result of the January 2013 telework denial, she was forced to use 80 hours of leave in 2013 and 42 hours of leave in 2014.  (Pl. Mot. 3).  She argues that the court should reopen the case to consider her 2013 and 2014 leave as the adverse employment action underlying her discrimination claims.

## II.    LEGAL STANDARD

Redmon seeks relief pursuant to Rule 60(b)(1), which states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or

proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."

Fed. R. Civ. P. 60(b)(1). "A district court considering a motion for relief from judgment under

Rule 60(b) must strike a delicate balance between the sanctity of final judgments . . . and the

incessant command of a court's conscience that justice be done in light of *all* the facts." *Bain v.*

*MJJ Prods., Inc.*, 751 F.3d 642, 646 (D.C. Cir. 2014) (internal quotation marks and citations

omitted) (emphasis in original). "But as the Supreme Court has said, 'There must be an end to

litigation someday, and free, calculated, deliberate choices are not to be relieved from.'" *Good*

*Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (quoting *Ackermann v.*

*United States*, 340 U.S. 193, 198 (1950)). "Rule 60(b) cannot, therefore, be employed simply to

rescue a litigant from strategic choices that later turn out to be improvident." *Id.* Moreover, "a

party that has stipulated to certain facts or has not presented known facts helpful to its cause

when it had the chance cannot ordinarily avail itself on rule 60(b) after an adverse judgment has

been handed down." *Id.* This is because "[r]elief under Rule 60(b)(1) motions is rare; such

motions allow district courts to correct only limited types of substantive errors." *Hall v. CIA*,

437 F.3d 94, 99 (D.C. Cir. 2006). A district judge is "vested with a large measure of discretion

in deciding whether to grant a Rule 60(b) motion." *Twelve John Does v. District of Columbia*,

841 F.2d 1133, 1138 (D.C. Cir. 1988).

　　　The Supreme Court has explained that in analyzing a request for relief under Rule

60(b)(1), a finding of excusable neglect is an equitable matter premised on the consideration of

several factors: the risk of prejudice to the non-movant, the length of delay, the reason for the

delay, including whether it was in control of the movant, and whether the movant acted in good

faith. *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395-97

(1993).  *See also FG Hemisphere Assocs., LLC v. Democratic Republic of Congo*, 447 F.3d 835,

838 (D.C. Cir. 2006).

In addition to meeting the standards for relief under Rule 60(b), "it is well-established

that movants must show that their underlying claims have at least some merit. They need not

meet a particularly 'high bar' to satisfy this threshold requirement, but they must provide at least

'a hint of a suggestion' that they might prevail.  This is so even if the claims were not originally

resolved on the merits." *Thomas v. Holder*, 750 F.3d 899, 902 (D.C. Cir. 2014) (citations

omitted).

## III.    ANALYSIS

Redmon alleges that there was mistake, inadvertence, or excusable neglect with respect to

whether she took leave in 2013 and 2014 as a result of the telework denial.  She claims that

because briefing and oral argument focused on *res judicata* issues, she did not realize that the

court understood the Complaint to not allege any leave taken after September 2012.  She further

argues that nowhere in the Complaint does she affirmatively state that she did not take leave after

2012; instead, she claims that the reference to leave taken before September 2012 was for the

limited purpose of comparing the amount of leave she took with that of a white, male

comparator.  She now seeks to amend the Complaint to add the 80 hours of leave in 2013 and 42

hours of leave in 2014.

Defendant USCP argues that the Complaint makes no reference to leave taken after

September 2012, an omission that is entirely Redmon's fault.  USCP also argues that Redmon

could have raised the issue of the 2013 and 2014 leave in her opposition to the motion to

dismiss—after USCP specifically challenged whether she had suffered an adverse employment

action—but Redmon once again chose not to.  USCP claims that it will suffer prejudice if the

case is reopened, and that Redmon has shown no good reason for omitting the 2013 and 2014

leave in the first place.

This is not the "rare" case where Rule 60(b)(1) relief is warranted.  Redmon alleges

surprise that the court construed the Complaint as alleging that she only took leave before

September 2012.  This is not credible for a number of reasons.  First, the Complaint was filed in

late August 2013.  There is no explanation of why Redmon did not include any mention of leave

taken between September 2012 and August 2013 in her Complaint.  Second, the Complaint

specifically stated "as of September 25, 2012, Ms. Redmon had taken sick leave, annual leave

and compensatory time for her medical appointments and vacation."  (Compl. ¶ 23).  This

statement is in the past tense and does not contemplate any leave taken after September 2012.

Third, the Complaint specifically stated that Redmon "has been required to take sick leave and

annual leave and to use her compensatory time when she could be teleworking from home during

a sarcoidosis flare up.  She estimates that she has had to use 675.5 hours of such leave, of which

close to 200 hours were for sarcoidosis flare ups."  (Compl. ¶ 25).  Redmon identified the exact

number of hours she was forced to take, which matched exactly the number of hours she claimed

in a prior administrative proceeding, and did not reference any additional hours, known or

unknown.  Fourth, in the "Relief Requested" section of the Complaint, Redmon requested

"[p]ayment of her sick leave, annual leave, and compensatory time that she has had to use for

medical leave and for time off for her sarcoidosis flare ups (approximately 675.5 hours)" or

"[a]lternatively, restoration of Ms. Redmon's sick leave, annual leave, and compensatory time

that she has had to use for medical leave and for time off for her sarcoidosis flare ups

(approximately 675.5 hours)."  Redmon identified exactly how many hours of leave she

requested, and it was the hours of leave taken before September 2012.  She did not request any

leave be paid or restored for any time period after September 2012.  Fifth, in her opposition to the motion to dismiss filed in late March 2014, Redmon responded to USCP's argument that she did not suffer an adverse employment action by stating that "Defendant's denial of Ms. Redmon's request to telework and refusal to provide Ms. Redmon with a telework agreement that would accommodate her disability, resulting in the loss of 200 hours and requiring future loss of uncountable hours, is a material adverse action as a matter of law, and this Court has subject matter jurisdiction over Plaintiff's asserted claims."  (ECF No. 11 at 12).  Redmon had the opportunity to raise 2013 and partial 2014 hours, but instead only referenced pre-September 2012 hours and "future loss of uncountable hours."  There is no explanation of why she did not include additional "countable" hours if they existed at that time.  Lastly, the court held a hearing on the motion to dismiss and gave Redmon's counsel the opportunity to raise any issues for the court's review.  Redmon's counsel did not mention 2013 or 2014 leave.

An analysis of the four *Pioneer* factors makes clear that relief is not justified.  The first factor, prejudice to the nonmovant, weighs in favor of denying Redmon's motion.  USCP would suffer substantial prejudice if this case were reopened.  Redmon filed her initial administrative complaint in March 2013, and reopening the case now would force USCP to relitigate the case again over two years later.  The agency has already expended significant resources defending against Redmon's allegations, and it would be prejudicial to force USCP to start over because of Redmon's preventable oversights.  As to the second factor, length of the delay, Redmon is correct that she did not delay in bringing her motion promptly after the court entered judgment.  However, she did delay in raising the 2013 and 2014 leave issue when she had ample opportunity to do so previously.  Redmon filed the Complaint in August 2013 and the court ruled on USCP's motion to dismiss in February 2015.  Redmon offers no explanation why she did not

reference 2013 and 2014 leave during that time.  The last factor is neutral, as the court finds no evidence of bad faith with respect to Redmon or her counsel.

Most importantly, the court finds that the third factor—the reason for the delay, and whether it was within the movant's control—weighs heavily against granting relief.  Redmon offers no explanation why she did not mention 2013 and 2014 leave when she filed the Complaint in August 2013 or anytime thereafter.  The facts are not new or recently discovered— Redmon presumably knew how much leave she was taking in 2013 and 2014 as she took it, but chose not to raise the issue until now.  There are no grounds for excusing this delay when Redmon and her counsel could have easily avoided it.

Plaintiff in *Munoz v. Bd. of Trustees of Univ. of D.C.*, 730 F. Supp. 2d 62 (D.D.C. 2010), also sought Rule 60(b)(1) relief on the basis of, *inter alia*, newly asserted facts that the plaintiff had not included in the Complaint.  That court held that "[t]he fault for the alleged mistakes in the allegations of the complaint and/or the first amended complaint lies entirely with plaintiff or her counsel.  And plaintiff proffers no persuasive justification for the failure to avoid these mistakes in the first place . . . ."  *Id.* at 68.  The court explained that Rule 60(b)(1) is not "designed to give a plaintiff a second bite at the apple by changing the factual allegations where the plaintiff has no excuse for failing to include the correct factual information in the complaint that was filed with the Court and upon which the Court based its rulings," and that "[i]f plaintiff is not entitled to relief based on the alleged factual mistakes made by her or her counsel, it necessarily follows that she is not entitled to relief because defendant's counsel and the Court adopted and relied on these same mistakes."  *Id.  See also Smith v. Clarke*, 458 F.3d 720, 724-25 (8th Cir. 2006) ("A party's failure to produce evidence that was available to it at the time that the

matter was before the court is not the kind of mistake or neglect that will support granting the extraordinary relief provided by Rule 60(b)").

Like the plaintiff in *Munoz*, Redmon has not provided any valid excuse for not including 2013 leave in the Complaint or referencing 2013 or 2014 leave at some point during these proceedings.  Were the court to grant relief in a situation like this one, plaintiffs could simply withhold facts until judgment is rendered and then amend once a clearer picture of the case is revealed.  This cannot be the purpose of Rule 60(b)(1).

a.  <u>Merits of Underlying Claims</u>

In addition to not satisfying her burden under Rule 60(b)(1), Redmon probably cannot "show that [her] underlying claims have at least some merit," *Thomas*, 750 F.3d at 902, because Redmon's amended claims would likely be barred by the doctrine of issue preclusion.  "A prior holding has preclusive effect when (1) the same issue being raised was contested by the parties and submitted for judicial determination in the prior case; (2) the issue was actually and necessarily determined by a court of competent jurisdiction in that prior case; and (3) preclusion in the second case would not work a basic unfairness to the party bound by the first determination."  *United States v. Daniel Chapter One*, 896 F. Supp. 2d 1, 15 n.11 (D.D.C. 2012). [REDACTED].

**IV.    CONCLUSION**

For the foregoing reasons, Redmon's motion for relief from judgment and to amend the Complaint is denied.  An appropriate Order accompanies this Memorandum Opinion.

Date:  July 31, 2015

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

8